1
2
3
4
5
6
# UNITED STATES DISTRICT COURT
7
### EASTERN DISTRICT OF CALIFORNIA
8
9   DAVID ELLIOTT,                          )   CASE NO. 1:10-cv-01187 AWI GSA PC
                                            )
10                          Plaintiff,       )   ORDER DISMISSING COMPLAINT, WITH
                                            )   LEAVE TO FILE AMENDED COMPLAINT
11          v.                               )   WITHIN THIRTY DAYS
                                            )
12   F. IGBINOSA, et al.,                    )   (Doc. 1)
                                            )
13                          Defendants.      )
     _____/
14
15                              **Screening Order**
16   **I.    Screening Requirement**
17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action
18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant
19   to 28 U.S.C. § 636(b)(1).
20          The Court is required to screen complaints brought by prisoners seeking relief against a
21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).
25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).
28   ///

1   Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,"

2   none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002).

3   Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

4   that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give

5   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

6   <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare

7   recitals of the elements of the cause of action, supported by mere conclusory statements, do not

8   suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550

9   U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a

10   claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555.

11   While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

12   Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief

13   above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set

14   forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions,

15   and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation

16   marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set

17   forth the legal and factual basis for his claim.

18   **II.    Plaintiff's Claims**

19   Plaintiff, an inmate in the custody of the California Department of Corrections and

20   Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP), brings this civil rights action against

21   correctional officials employed by the CDCR at PVSP. Plaintiff names the following individual

22   defendants: Felix Igbinosa, Chief Health Care Manager; L.L Nguyen, M.D. Plaintiff also names an

23   official with the title of "Chief California Prison Health Care."

24   Plaintiff alleges that on February 24, 2009, his prescription for pain medication was renewed.

25   (Compl. ¶ 3.) Plaintiff alleges that it took 30 days for him to receive the medication. In an attempt

26   to receive his medication, Plaintiff filed two health care requests, on March 1 and March 16, 2009,

27   explaining that he was in severe pain. Plaintiff received his pain medication on March 25, 2009.

28   Plaintiff seeks damages for the delay in receiving his medication.

1

2    **A.    Eighth Amendment Medical Care Claim**

3    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

4    color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

5    law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives

6    another of a constitutional right, where that person 'does an affirmative act, participates in another's

7    affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

8    the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

9    (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection

10   can be established not only by some kind of direct, personal participation in the deprivation, but also

11   by setting in motion a series of acts by others which the actor knows or reasonably should know

12   would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

13   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

14   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

15   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

16   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

17   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

18   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

19   deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

20   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

21   Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

22   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

23   by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

24   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

25   make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely

26   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

27   Although Plaintiff has alleged that a delay in receiving his medication resulted in extreme

28   pain, he fails to charge any of the individual defendants with conduct that constitutes deliberate

3

indifference.  Specifically, Plaintiff has not alleged any facts indicating that either Dr. Nguyen or the Chief Health Care Manager prevented Plaintiff from getting his medication or interfered in any way with attempts to provide Plaintiff his medication.  Plaintiff fails to allege any conduct on behalf of Defendants Nguyen and Igbinosa.  That these defendants are in supervisory positions does not subject them to liability.   Plaintiff must allege facts indicating that these defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has failed to do so here. This claim must therefore be dismissed.

### B.   Plata Claim

In his complaint, Plaintiff refers to a failure to comply with "the Plata court order.[1]" Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc).  "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action."  Id.  Any asserted requests for injunctive relief are therefore dismissed.  If Plaintiff wants to complain about a perceived failure to comply with the order in Plata, he may contact the plaintiff's class counsel in Plata.[2]

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the

---

[1] The Court assumes Plaintiff is referring to the rulings under Plata v. Schwarzenegger, No. C 01-1351 TEH, a class action concerning medical care in California's prisons.

[2] Counsel for the plaintiff class in Plata is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

4

opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

1    IT IS SO ORDERED.

2    **Dated:**    **December 12, 2010**                **/s/ Gary S. Austin**

3                                  UNITED STATES MAGISTRATE JUDGE