# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ELLIOTT,<br><br>Plaintiff,<br><br>v.<br><br>F. IGBINOSA, et al.,<br><br>Defendants. | CASE NO. 1:10-cv-01187 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

## Screening Order

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is Plaintiff's December 27, 2010, first amended complaint filed in response to the December 13, 2010, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison, brings this civil rights action against the Chief Medical Officer at Pleasant Valley State Prison (PVSP). Plaintiff originally named the following individual defendants: Felix Igbinosa, Chief Health Care Manager; L.L Nguyen, M.D. Plaintiff also names an official with the title of "Chief California Prison Health Care."

In the original complaint, Plaintiff alleged that on February 24, 2009, his prescription for pain medication was renewed. (Compl. ¶ 3.) Plaintiff alleged that it took 30 days for him to receive the medication. In an attempt to receive his medication, Plaintiff filed two health care requests, on March 1 and March 16, 2009, explaining that he was in severe pain. Plaintiff received his pain medication on March 25, 2009. Plaintiff seeks damages for the delay in receiving his medication.

### A. Eighth Amendment Medical Care Claim

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In the order dismissing the original complaint, the Court noted that although Plaintiff had alleged that a delay in receiving his medication resulted in extreme pain, he failed to charge any of the individual defendants with conduct that constituted deliberate indifference. Specifically, Plaintiff had not alleged any facts indicating that either Dr. Nguyen or the Chief Health Care Manager prevented Plaintiff from getting his medication or interfered in any way with attempts to provide Plaintiff his medication. Plaintiff failed to allege any conduct on behalf of Defendants Nguyen and Igbinosa. Furthermore, the fact that these defendants were in supervisory positions did not subject them to liability. Plaintiff was specifically advised that he must allege facts indicating that these defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff failed to do so, and the complaint was therefore dismissed.

In the first amended complaint, Plaintiff names Chief Medical Officer Igbinosa as the sole defendant. Plaintiff alleges that he submitted several health care requests forms, was in extreme pain, and needed to see the doctor. Plaintiff alleges that as the Chief Medical Officer, Dr. Igbinosa has the responsibility to oversee inmate medical care. Plaintiff alleges that Dr. Igbinosa "has implemented a policy that requires the review of non-formulary medications that have been deemed necessary by doctor's treating inmate patience [sic]." (Am. Compl. ¶ IV.) Plaintiff alleges that due

to this policy, he was subjected to 30 days of "unnecessary pain and suffering." (Id.) Plaintiff alleges no other conduct as to Dr. Igbinosa.

These new allegations, however, fail to cure the deficiency identified in the original complaint regarding any personal liability on the part of Dr. Igbinosa. Plaintiff was clearly advised that in order to hold Dr. Igbinosa liable, he must allege facts indicating personal involvement. Plaintiff has failed to do so. Plaintiff appears to be claiming that he was injured as a result of a policy. Plaintiff fails to specifically articulate the policy that is at issue. At best, Plaintiff's allegations indicate that Dr. Igbinosa implemented a policy requiring review of prescriptions that have been ordered by other physicians. Such an allegation, of itself, does not state a claim for deliberate indifference. The allegations, at most, indicate a delay receiving Plaintiff's medication.

Further, an unconstitutional policy cannot be proved by proof of a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); a single incident supplies a "policy" only when the decision-maker has "final authority" to establish the policy in question. Collins v. City of San Diego, 841 F.2d 337, 341 (9th Cir. 1988), citing Pembauer v. City of Cincinnati, 475 U.S. 469 (1986). Plaintiff's allegation of a single incident of delay in receiving his medication does not, of itself, establish the existence of an unconstitutional policy.

**III. Conclusion and Recommendation**

Because Plaintiff has not cured the deficiencies identified in the order dismissing the original complaint, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

///

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted, and that this action count as a strike under 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **March 24, 2011** **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE